R. H. WILLIAMS, ET AL., *v.* OWEN COUNTY COURT, ET AL.

**Parties to Actions—Suit on Sheriff's Bond.**

> The real party plaintiff in interest must appear as a party plaintiff, and where the county court is the real party and the action is brought by the commonwealth a special demurrer based on the fact that the county court is not made a party plaintiff should be sustained.

**Judicial Notice.**

> While the courts will take judicial notice of special and local acts of the legislature to support the exercise of the authority delegated, they will not, in the absence of averment, presume the existence of special and unusual powers in ministerial tribunals or officers.

APPEAL FROM OWEN CIRCUIT COURT.

March 1, 1877.

OPINION BY JUDGE LINDSAY:

The Owen County Court is the real party in interest in this action. The commonwealth is a proper party, because the bond of the sheriff is made payable to the commonwealth. But the beneficiary in the bond, as well as the nominal payee, should be made a party plaintiff. The caption of the petition shows that the commonwealth sues for the use of the Owen County Court, but neither in the caption nor in the body of the petition does the county court assume the attitude of an actor. It sets up no claim and asks no relief against the defendants in the action. In the cases of *Neely v. Merritt,* 9 Bush 346, and *Fenwick v. Phillips,* 3 Met. 88, the court held that to state in the petition the names of the persons for whom the suit is brought virtually makes them parties. In the one case they were allowed to make themselves plaintiffs by an amended petition, and the other it was held that the defect of parties could not be reached by general demurrer. But in this case the question is raised by a special demurrer, based upon the fact that Owen County Court is not made a party plaintiff.

Section 9, Art. 3, Chap. 27, Gen. Stat., provides that on the failure of the sheriff to pay over the balance of the county revenue remaining in his hands to the credit of the county, after proper demand, the county court or the county receiver may proceed against him and his sureties as relator, either by suit or motion in the circuit court. In this case the county court, instead of suing as relator, and using the name of the commonwealth as it had the right to do, permitted the commonwealth to assume the attitude both of plaintiff and relator, and failed to make either itself or the county receiver

a party plaintiff in the mode prescribed by the Civil Code of Practice. This defect of parties can be reached by special demurrer.

Among the items charged against the sheriff is a balance of $1,950.35, on account of the advalorem tax of 11½ cents on each $100.00 of taxable property. Courts of claims having no authority under the general law to levy a tax of this character, there should have been an averment that the court of Owen county had special authority from the legislature, and that it did make the levy. Whilst the courts will take notice of special and local acts of the legislature to support the exercise of the authority delegated, they will not, in the absence of averment, presume the existence of special and unusual powers in ministerial tribunals or officers.

To this extent the petition is defective. In all other respects it is sufficient.

Judgment *reversed* and the cause remanded with instructions to sustain the special demurrer and for further proceedings consistent with this opinion.

*J. D. Lillard, Lindseys, E. T. Settle, for appellants.*

*A. J. and D. James, for appellees.*